FILED

2015 Aug-13  PM 12:30
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| XCELERATE NET WORKS, LLC, | * | |
| PLAINTIFFS, | * | |
| VS. | * | CIVIL ACTION NO. |
| | * | _____ |
| PINPOINT HOLDINGS, INC.; | | |
| GREENPOINT I, LLC and | * | |
| BULLDOG CABLE GA, LLC/ | | |
| XCELERATE BROADBAND | * | |
| DEFENDANTS. | * | |

## VERIFIED COMPLAINT FOR DAMAGES
## AND INJUNCTIVE RELIEF

Plaintiff Xcelerate Net Works, LLC hereby files its Complaint for Damages and Injunctive Relief against Defendants Pinpoint Holdings, Inc.; Greenpoint I, LLC and Bulldog Cable GA, LLC/Xcelerate Broadband (hereinafter referred to collectively as "Defendants") as follows:

### PARTIES

1.     Plaintiff Xcelerate Net Works, LLC, (referred to herein as "Xcelerate or "Plaintiff") is a limited liability company organized under the laws of the State of Alabama with its principal place of business at 1 Carla Circle, Birmingham, AL  35213.

2.      Defendant Pinpoint Holdings, Inc. ("Pinpoint") is a Nebraska corporation with its principle place of business at 613 Patterson Street, Cambridge, NE 69022.  Pinpoint can be served with process by serving its registered agent, Incorp. Services, Inc., 2000 Riveredge Parkway NW, Suite 885, Atlanta, Georgia 30328.

3.      Greenpoint I, LLC ("Greenpoint") is a Delaware limited liability company with its principle place of business at 611 Patterson Street, Cambridge, NE 69022.  Greenpoint can be served with process by serving its registered agent, VCorp Services, LLC, 1811 Silverside Road, Wilmington, Delaware 19810-4345.

4.      Bulldog Cable GA, LLC ("Bulldog") is a Georgia limited liability corporation with its principle place of business at PO Box 1288, Watkinsville, GA 30677.  Bulldog can be served with process by serving its registered agent, Joseph Sheehan, 994 Millidgeville Road, Putnam, Eatonton, GA 31024.

### JURISDICTION AND VENUE

5.      This Court has jurisdiction over the claims asserted by Plaintiff under 28 U.S.C. §§ 1331 and 1338(a) because Plaintiff has claims and rights to relief under the Lanham Act, 15 U.S.C. § 1125(a)(1)(A) & (B).  In addition, pursuant to 28 U.S.C. § 1332(a)(1) this Court has jurisdiction over

this matter based on diversity of the parties and the amount in controversy exceeds seventy five thousand dollars ($75,000).  Finally, this Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367(a).

6.     This Court has authority to issue injunctions and other equitable relief under 15 U.S.C. § 1116(a).

7.     Venue is proper pursuant to 28 U.S.C. § 1391(b) and (c) because a substantial part of the events or omissions giving rise to these claims occurred and are occurring in this district and a substantial part of property that is the subject of the action is situated in this district. Additionally, Plaintiff's principal place of business lies in the Northern District of Alabama.

## NATURE OF THE ACTION

8.     This is a civil action for Lanham Act violations, common-law trademark infringement, common-law dilution arising under Alabama law, and other state-law claims.

9.     By this action, Plaintiff seeks equitable relief for Defendants' infringement of Plaintiff's service marks and trade names in addition to all damages caused by Defendants' willful and intentional infringements.

## FACTUAL BACKGROUND

### A.     The Plaintiff's Intellectual Property

10.     In February of 2012, Kevin McCain ("McCain") began using the trade name "Xcelerate Networks" in association with a new business venture.  McCain formed Xcelerate to install and service video, voice and high speed internet services to multi dwelling units ("MDU").

11.     McCain specifically chose the name Xcelerate Networks because of the uniqueness of its appearance, connotation and commercial impression.

12.     In the Spring of 2012, Xcelerate's Marketing Director, Tzena Gauldin, created Xcelerate's first logo design ("Original Mark") which was used as the heading on Xcelerate's early service agreements. A true and correct copy of Xcelerate's first Private Communications Network Installation, Access and Service Agreement dated August 1, 2012 is attached hereto as Exhibit "A".

13.     McCain properly filed the articles of incorporation for Xcelerate with the Alabama Secretary of the State's office on July 17, 2012. A true and correct copy of the filed Articles of Incorporation are attached hereto as Exhibit "B".

14.     In early 2013, Xcelerate hired Michael Bell, Brand Strategist with The Modern Brand Co., to develop professional logo designs and create vector formats based on the Original Mark to use in connection with Xcelerate's advertising, marketing and branding efforts. A true and correct copy of the logo and Plaintiff's website "Home" page are collectively attached hereto as Exhibit "C".

15.     Plaintiff has invested substantial time, effort and financial resources creating and developing the trade name and service mark Xcelerate (the "Marks"). As a result of these efforts, Xcelerate has acquired goodwill and substantial recognition in the Marks.

16.     Plaintiff is the owner of all right, title, and interest in and to all common law service marks and trade names used in the operation of Xcelerate Net Works, LLC.

17.     Plaintiff's Marks have been used by Plaintiff in connection with Xcelerate Networks in the State of Alabama since February 2012 and have clear priority over any of Defendants' alleged service marks or trade names made the basis of this lawsuit.

**B.     The Defendants' Infringement of Plaintiff's Mark**

18.     On July 28, 2015, McCain and Greenfield MDU, LLC ("Greenfield") received a "Notice to Cease and Desist Use of the Mark

"Xcelerate Broadband" ("Cease & Desist") from Defendants.  A true and correct copy of the Cease & Desist is attached hereto as Exhibit "D".

19.     As background, McCain, through his ownership in Greenfield, entered into a joint venture with Pinpoint to create Greenpoint in October 2012. Greenpoint was created to offer services in Georgia similar to the services Xcelerate offered in Alabama.

20.     At no time has Greenpoint conducted business in Alabama.

21.     On October 23, 2013, Pinpoint purchased Greenfield's ownership interest of Greenpoint through a stock sale.  A true and correct copy of the Purchase Agreement is attached hereto as Exhibit "E".  Contrary to the assertion in the Cease & Desist, there is no transfer of intellectual property rights in the Purchase Agreement.  *Id.*

22.     At no time has Xcelerate provided a written licensed for any of the Defendants to use its Marks.

23.     Greenpoint used the trade names Bulldog Cable and Xcelerate Broadband interchangeably during the time Greenfield was a member of Greenpoint.  Any rights Greenpoint may claim to the trade name Xcelerate were derived from Xcelerates sole member and founder McCain.  However, these rights extinguished at the time the Purchase Agreement was executed on October 23, 2013.

24.    To be clear, there was no sale, license or assignment of intellectual property of any kind from Greenfield to any of the Defendants. Moreover, Greenfield has never owned intellectual property to sell, license or assign.  Further, Xcelerate has never authorized a third-party to apply for and obtain service mark and trade name registrations which directly infringe on its Marks.

25.    Notably, Xcelerate has never been party to a contract or agreement of any kind with the Defendants collectively or individually.

26.    In the Cease & Desist, Greenpoint claims it has filed for and obtained trademark and trade name registrations in Alabama and Georgia.  A true and correct copy of these registrations are attached hereto as Exhibit "F".

27.    As the registrations show, Greenpoint filed the applications in Alabama on April 14, 2014 and claim a date of first use of June 11, 2013. *Id.*  It filed the applications in Georgia on May 8, 2014 and claim a date of first use of May 1, 2013.  Even if these applications were accurate, Xcelerate has clear priority of use in both states.

28.    As stated above, Plaintiff began using the Marks in February of 2012 which is over a year before Defendants even allege first use.

29.     Simply stated, Greenpoint applied for and obtained these registrations under false pretenses and with full knowledge of Xcelerate's existence and use of the Marks.  Greenpoint and its members have obtained these registrations fraudulently and each should be cancelled immediately.

30.     Greenpoint's brazen disregard for Alabama law has caused and will continue to cause significant damage to Plaintiff's reputation, goodwill and brand recognition.

31.     By its own admission, Defendants' use of the trade name "Xcelerate Broadband" is substantially similar to "Xcelerate Net Works" and likely to cause confusion as to the source of the services with the consuming public.  Exhibit "D".

32.     Greenpoint is engaged in the exact same type of business as Plaintiff in a neighboring state.  Moreover, Greenpoint has gone so far as using Plaintiff's logo on its website.   A true and correct copy of Greenpoint's website "Home" page is attached hereto as Exhibit "G".

33.     Finally, Plaintiff has experienced incidents of actual confusion by customers calling it believing it is Greenpoint/Xcelerate Broadband.

## COUNT ONE

## FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION
## (15. U.S.C. § 1125(a)(1)(A) and (B))

34. Plaintiff adopts and re-alleges, the paragraphs above as if fully set forth herein.

35. Defendants' uses of Plaintiff's Marks or a confusingly similar mark in connection with its competing business ventures has caused actual customer confusion, undermined the goodwill associated with Plaintiff's Marks and otherwise caused Plaintiff irreparable harm by destroying the distinctive character and quality of Plaintiff's Marks.

36. Defendants' actions are likely to cause confusion, mistake or deceive as to the affiliation, connection, or association they have with Plaintiff, or as to the origin, sponsorship, or approval of their services, or commercial activities by Plaintiff.

37. Defendants' actions are calculated to result, and have resulted, in the unjust enrichment of Defendants, since said wrongful and illegal actions avail to Defendants' benefit of Plaintiff's valuable goodwill, all to Plaintiff's damage and detriment.

38. As a direct and proximate result of Defendants' above-described actions, Defendants have caused and will continue to cause injury and expense to Plaintiff in an amount to be determined at trial.

39.     Defendants' actions violate 15. U.S.C. § 1125(a)(1)(A) and (B) (false designation of origin and unfair competition).   Accordingly, Plaintiff is entitled to a preliminary and permanent injunction enjoining Defendants from their further use of Plaintiff's Marks and any marks which are confusingly similar.   Plaintiff further seeks monetary relief including, without limitation, its damages, Defendants' profits, and the costs of this action.   Further, because Defendants' infringement is willful, Plaintiff seeks an award of their reasonable attorney's fees.   *See* 15 U.S.C. § 1117.

## COUNT TWO

### COMMON LAW TRADEMARK INFRINGEMENT
### (Alabama Code § 8-12-6, *et. seq.*)

40.     Plaintiff adopts and re-alleges, the paragraphs above as if fully set forth herein.

41.     Plaintiff is the owner of several service marks and trade names used in connection with its services performed by the Alabama limited liability company Xcelerate Net Works, LLC.   Plaintiff has used these service marks and trade name continuously in commerce since February 2012 and, as a result, consumers have come to associate the Marks with the services provided by Plaintiff.   As a result of this association, Plaintiff has engendered significant goodwill.

42.    Defendants have adopted service marks and trade names, including but not limited to "Xcelerate" that are confusingly similar to Plaintiff's Marks.  Moreover, Defendants have fraudulently applied for and obtained service marks and trade name registrations nearly identical to Plaintiff's Marks and are using these marks on their website, advertisements and marketing materials.

43.    Defendants' use of these confusingly similar trademarks causes consumer confusion as to the source of the services.    Accordingly, Defendants' actions constitute common law trademark infringement of Plaintiff's Marks.

44.    Defendants' actions have been willful and deliberate, as evidenced by Defendants' obtaining registrations for service marks and trade names in Alabama and Georgia.

45.    Defendants' actions have harmed Plaintiff's valuable intellectual property rights, have damaged Plaintiff's goodwill, and have caused Plaintiff to suffer damages that are not calculable in monetary terms.

46.    If Defendants are not preliminarily and permanently enjoined by this Court, Defendants will continue their acts of trademark infringement set forth above, thereby deceiving the public, trading on Plaintiff's goodwill and causing Plaintiff immediate and irreparable harm, damage, and injury.

47.     Plaintiff has no adequate remedy at law for the aforementioned irreparable harm.

48.     Plaintiff is entitled to damages, an award for its reasonable attorney's fees, the costs of this action, interest, and such other relief as this Court deems appropriate.   In addition, Plaintiff requests this Honorable Court enter an order that Defendants' immediately abandon the fraudulently obtained registrations contained in Exhibit "F."

## COUNT III

## CONVERSION

49.     Plaintiff adopts and re-alleges, the paragraphs above as if fully set forth herein.

50.     Defendants have and continue to wrongfully take and/or detain ownership of, use or misuse Plaintiff's service marks and trade name for their own use and benefit and has thereby wrongfully converted Plaintiff's property to their own use.

51.     As a direct and proximate result of Defendants' conversion, Plaintiff has been significantly damaged.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

(1)     That the Court enter a judgment in favor of Plaintiff and against the Defendants under all causes of action as set forth above;

(2)     That the Court issue preliminary and permanent injunctive relief against Defendants, its officers, directors, shareholders, agents, servants, employees, attorneys and all persons in active concert or participation with it from using Plaintiff's Marks, or any mark confusingly similar to Plaintiff's Marks, including but not limited to "Xcelerate";

(3)     That Defendants pay Plaintiff's damages, Defendants' profits, and the costs of this action in accordance with the Lanham Act and Alabama Code § 8-12-6, *et. seq.*;

(4)     That the Court order Defendants to pay to Plaintiff general, special, actual, and statutory damages in accordance with the Lanham Act, and other applicable law, including treble damages and attorneys fees pursuant to 15 U.S.C. § 1117(a);

(5)     That the Court order Defendants to immediately abandon the fraudulently obtained registrations contained in Exhibit "F" and

(6)     That the Court grant to Plaintiff such other and additional relief as is just and proper.

## JURY DEMAND

Plaintiff hereby demands a struck jury for the trial of this case.

Respectfully submitted this the 13th day of August, 2015.

/s/ *Michael J. Douglas*
Michael J. Douglas  ASB-2888-C52
/s/ *Joe L. Leak*
Joe L. Leak  ASB-5124-A63J
LEAK & DOUGLAS, P.C.
The John A. Hand Building
17 20th Street North, Suite 200
PO Box 185
Birmingham, AL  35203
Phone: 205.977.7099
Fax: 205.977.7167
Email: mdouglas@leakdouglas.com
Email:  jleak@leakdouglas.com


/s/ *David H. Marsh*
David H. Marsh  ASB-0717-S78D
/s/ *Jane F. Mauzy*
Jane F. Mauzy  ASB-6721-N56M
MARSH, RICKARD & BRYAN, P.C.
800 Shades Creek Parkway, Suite 600-D
Birmingham, AL  35209
Phone: 205.879.1981
Fax: 205.879.1986
Email: DMarsh@mrblaw.com
Email: jmauzy@mrblaw.com

*Attorneys for Plaintiff*


SERVE THE DEFENDANTS BY CERTIFIED MAIL AS FOLLOWS:

Pinpoint Holdings, Inc.
c/o Registered Agent
Incorp. Services, Inc.
2000 Riveredge Parkway NW, Suite 885
Atlanta, GA  30328

Greenpoint I, LLC
c/o Registered Agent
VCorp Services, LLC
1811 Silverside Road
Wilmongton, DE  19810-4345

Bulldog Cable GA, LLC/Xcelerate Broadband
c/o Registered Agent, Joseph Sheehan
994 Milledgeville Road
Eatonton, GA  31024

## **VERIFICATION**

STATE OF ALABAMA   )
COUNT OF JEFFERSON )

    I, Kevin McCain, swear and/or affirm that I have read the foregoing Verified Complaint and Request for Injunctive Relief, I have personal knowledge of all of the facts and circumstances contained therein, and that the facts and/or statements contained therein are true and correct.

Dated: _8. 12. 15_         _____
                              Kevin McCain

    I, _Angela R. Perkins_ , a Notary Public in and for said County and State, hereby certify that **Kevin McCain**, whose name is signed to the foregoing and who is known to me, acknowledged before me this day, that being informed of the contents thereof, voluntarily executed the same on the day of its date.

    Given under my hand and seal this the _12th_ day of August, 2015.

_____
Notary Public

My Commission Expires: _1/12/2016_